SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his claim for workers’ compensation benefits on an exception of prescription based upon LSA-R.S. 23:1209. The issues are whether the trial judge correctly applied the statute to the case and whether the doctrine of contra non valentem prevented the prescription from running.
In August or September, 1977, plaintiff had an accident while operating a forklift for defendant. From that time until October 13, 1977, when he quit his job, symptoms of neck pain gradually increased. On October 5 he consulted Dr. Carlos Gorbitz, a neurosurgeon, who hospitalized him on October 12 for a myelogram and concluded that plaintiff was suffering from cervical spondylosis, a degenerative disease of the spine. Still having problems in December, *1275 1977, plaintiff consulted his family physician, Dr. C. J. Meyers, who suspected a ruptured cervical disc and referred him back to Dr. Gorbitz. The latter in turn had additional studies performed, including psychological tests. Plaintiff continued to consult with Dr. Meyers, who, in January, 1979, referred him to a second neurosurgeon, Dr. John D. Jackson. Finally, Dr. Jackson diagnosed a ruptured cervical disc for which plaintiff was given corrective surgery. Dr. Jackson related plaintiff’s problems to his job as a forklift operator. However, plaintiff did not file his suit until October 16, 1979, over two years after he left his employment with defendant.
R.S. 23:1209 provides that claims for workers’ compensation benefits shall be barred unless filed within one year after the accident with two exceptions, the following of which is pertinent, one where compensation payments are made to the employee, and,
“. . . Where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Two conclusions follow from the foregoing recitation of the facts: First, plaintiff had one or more accidents while employed by defendant, and, second taking the best possible construction of the facts from plaintiff’s point of view, his injury developed when he saw Dr. Jackson in January, 1979. But his claim was prescribed because he failed to bring his suit within two years after his accident(s).
Plaintiff argues that the prescription does not apply because of the doctrine contra non valentem agere non currit prescrip-tio, meaning, no prescription runs against a person unable to bring an action. This doctrine was recently discussed in McClendon v. State, through Dept. of Corrections, 357 So.2d 1218 (La.App. 1st Cir. 1978) in which the court held that a wrongful death action did not prescribe against the state even though suit was brought more than two years after the date of the deaths. In that case plaintiff’s parents were murdered and despite due diligence on her part in cooperation with law enforcement authorities the identity of the murderer was not ascertained until less than a year before she brought suit. The murderer, of course, had actively concealed his connection with the crime and while the state did not conceal any information or mislead plaintiff she had no possible way of knowing that a cause of action existed in her favor against the state until the identity of the murderer was revealed, so she was given the benefit of the doctrine of contra non valentem.
We see no point in discussing all of the eases in which the doctrine has been applied, many of which are cited and discussed in the McClendon case, but is is sufficient to say that the facts of this ease do not warrant the application of the doctrine. The only fact on which plaintiff relies to apply the doctrine is that his family physician, while suspecting a disc in December, 1977, never told plaintiff of his suspicions. Nothing in the record indicates that Dr. Meyers had any information from plaintiff concerning any accident on his forklift and his suspicions of a disc were followed up by a qualified neurosurgeon, Dr. Gorbitz, who reported back to Meyers that there was no disc. There was no fraud or concealment in this case. Plaintiff knew all along that he was injured beginning before he left his employment. Even if the injury did not develop until January, 1979, he still had nine months in which to file his suit under the prescriptive statute. His failure to do so within two years of the date of the accident or at the latest the last day he was employed by defendant caused his suit to be barred by prescription.
Finally, plaintiff’s reliance on Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981) is misplaced. While that case declared that the two-year prescription is not a peremption as previously considered in the jurisprudence, and while the court held that a suit filed in February, 1979, for an *1276 accident which occurred in June, 1974, was not prescribed, the decision was based on the fact that wages had been paid to plaintiff in lieu of compensation over a long period of time and less than a year had passed since the last payment of wages in lieu of compensation. The first exception of R. S. 23:1209 had application to that case but is inapplicable here.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.