426 So.2d 291 (1983)
Stanley HENDERSON
v.
The ADMINISTRATORS OF TULANE UNIVERSITY OF LOUISIANA, et al.
No. CA-0077.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Rehearing Denied February 24, 1983.
*292 Arthur C. Reuter, Jr., Reuter & Reuter, New Orleans, for defendant/appellee.
J. Nelson Mayer, III, Heisler & Wysocki, New Orleans, for plaintiff/appellant.
Before REDMANN, LOBRANO and WARD, JJ.
LOBRANO, Judge.
Plaintiff-appellant, Stanley Henderson, appeals the granting of summary judgment in favor of defendant-appellee, The Administrators of Tulane University of Louisiana (Tulane). We affirm.
In 1980, prior to plaintiff's accident, Professional Food Service Management, Inc., (P.F.M.) contracted with Tulane University to be responsible for all of the food service operations at the University, including the management and operation of the university cafeterias, and all normal cleaning operations of same. Under said contract P.F.M. was required to carry all necessary insurances with companies and in amounts acceptable to Tulane.
On October 11, 1980, plaintiff, while employed by P.F.M. as a general clean-up man, suffered an injury to his foot when an iron grating of a service elevator fell and struck him. The service elevator was owned, operated and under the maintenance of Tulane and was located adjacent to the Tulane University cafeteria. As a result of the accident, plaintiff received workmen's compensation benefits from P.F.M.
Thereafter plaintiff brought suit, ex delicto, against Tulane, and its liability insurer, alleging that Tulane was liable for the injuries sustained due to its having a defective elevator on the premises, and for failing to maintain and warn others of same.
St. Paul Fire and Marine Insurance Co., the workmen's compensation insurer of P.F.M. intervened, seeking recovery from the other named defendants for the workmen's compensation benefits and medical expenses it paid to plaintiff.
Tulane moved for a summary judgment on the grounds that it was plaintiff's statutory employer under the provisions of La. R.S. 23:1061,[1] and as such his exclusive remedy was workmen's compensation. La.R.S. 23:1032. The trial court granted Tulane's summary judgment, and plaintiff has appealed.
The only issue presented is whether Tulane has shown there is no genuine issue as to a material fact, i.e. that the food services P.F.M. provided for Tulane was part of Tulane's "trade, business, or occupation" for purposes of establishing exclusive coverage by the workmen's compensation statute. La.R.S. 23:1061.
In support of its motion for summary judgment Don Moore, Vice-President and Dean for Student Services of Tulane University stated by sworn affidavit, that "he is familiar with the duties performed by Professional Food Service Management, Inc. on the campus of Tulane University on October 11, 1980 and familiar with the contracts between P.F.M. and Tulane University on that date." Additionally he stated "That P.F.M., Inc. was responsible for all of the food service and for the management *293 and operation of the university cafeterias. P.F.M., Inc. was also responsible for all of the normal cleaning operations which included cleaning and washing the floors, tables, kitchen cafeteria and other food preparation areas."
A copy of the contract between Tulane University and P.F.M., Inc. was also attached and made a part of the affidavit. This contract set out the responsibilities and duties of P.F.M. in regard to operating all food services at Tulane. A review of that document leads us to the inescapable conclusion that Tulane had contracted with P.F.M. to manage and operate all aspects of the University food service including cleaning and maintenance.
The brief and affidavit filed on behalf of plaintiff in opposition to the summary judgment do not present questions of material fact, and merely constitute a general denial. This will not suffice. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on mere allegations or denials. He must, in his response by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2nd Cir.1982).
In its latest pronouncement on summary judgment, the Supreme Court, in Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982) stated:
"Summary judgment under La.C.C.P. Arts. 966-969 is based on Federal Rule 56. Although it is an extremely useful device for putting an end to unnecessary litigation, it must be used with caution. `Summary Judgment procedure is not a catchpenny contrivance to take unwary litigants into its toils and deprive them of a trial.' Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir.1940). Rather, it is available only when "the pleadings depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. Art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Dominque, 372 So.2d 1225 (La.1979). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial."
A most liberal reading of the record leads this court to conclude that there are no material disputed issues of fact.
Defendant's position is clear. Part of its trade, business and occupation is the providing of food services, and that was contracted out to P.F.M. By operation of law defendant becomes the statutory employer of plaintiff, and therefore his exclusive remedy is workmen's compensation.
For the above and foregoing reasons, the judgment of the trial court is affirmed dismissing plaintiff's case. All costs of this appeal to be borne by plaintiff-appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1061, in pertinent part provides:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."