503 So.2d 631 (1987)
Alvin MELANCON
v.
LONE STAR INDUSTRIES, INC., et al.
No. CA-6267.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Writ Denied April 3, 1987.
David W. Oestreicher, II, Oestreicher, Whalen and Hackett, and Darryl J. Foster, Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, for plaintiff/appellant.
F. Lee Butler, Martin A. Stern, Adams and Reese, New Orleans, for defendant/appellee.
*632 Before BARRY, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
The issue presented by this appeal is whether or not appellant's claims for workmen's compensation and medical benefits have prescribed.
Appellant, Alvin Melancon (Melancon), filed suit against Lone Star Industries, Inc. (Lone Star) seeking benefits for alleged work related injuries which occurred in 1980, 1981, 1982 and 1983. The lower court upheld Lone Star's prescription argument, and dismissed Melancon's suit. This appeal followed.
Melancon's testimony shows that he began working for Lone Star in 1978. In 1980 he suffered injuries to his back when he fell from a scaffolding. A second back injury occurred in 1980 when he pulled a muscle in his back. Subsequently, he testified that sometime in 1981 he again fell from a scaffold injuring his back. In November, 1982 Melancon sustained another injury to his back while lifting heavy bags. He was treated and did not return to the doctor after November 29, 1982. The final accident occurred either on or shortly before February 9, 1983. Melancon testified he sought medical treatment from Dr. LoCascio, a chiropractor on this occasion. Melancon did not report this injury to his employer, however Dr. LoCascio's report indicates he treated Melancon on February 9, 1983.[1]
On January 17, 1984 Melancon was terminated by Lone Star for reasons unrelated to his accident history. In January of 1985, Dr. James Williams examined Melancon when he applied for Social Security benefits. Dr. Williams noted an abnormality at the L5-S1 disc spacing and concluded Melancon's symptoms were not due to trauma but were the result of a degenerative back disease.
On February 21, 1985 Melancon filed a claim with the Department of Labor, and filed the instant lawsuit on March 13, 1985.
The trial court assumed that the last work related accident occurred, at the latest, February 9, 1983 and hence had prescribed under the provisions of La.R.S. 23:1209(A). He also ruled that the claim for medical benefits had prescribed.

WORKMAN'S COMPENSATION BENEFITS
La.R.S. 23:1209(A) provides:
"A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
Prior to the 1985 amendment, the above cited statute contained the identical language concerning the one and two year limitations. On the face of the record it is clear that proceedings were instituted in excess of two years subsequent to the last "assumed" accident.
Melancon argues, however, citing Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981), that the limitation periods provided in R.S. 23:1209(A) are prescriptive, *633 and not preemptive, and therefore are subject to interruption. He further asserts that, first, because of the late manifestation of the injury, prescription has not run; second, prescription was interrupted because he was paid wages in lieu of compensation; and third, because he sent a letter to Lone Star putting them on notice before prescription had run, it was interrupted. While we agree that the time limitations are prescriptive, we reject Melancon's arguments for the following reasons.
Assuming arguendo that Melancon's injury did not manifest itself until Dr. Williams' examination on January 27, 1985, this late manifestation does not interrupt the two year prescriptive period of R.S. 23:1209(A), it merely begins the tolling of the one year prescriptive period. The plain wording of the statute clearly establishes that "... but in all such cases [i.e. late manifestation] the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." The purpose of that last sentence is to insure that in cases of late manifestation, the employer will not be put in the untenable position of defending a claim for compensation when the accident occurred more than two years prior to the claim. Lester v. Rebel Crane and Service Co., supra; Tigler v. Halliburton Corporation, 405 So.2d 1274 (La.App. 4th Cir. 1981), writ den. 407 So.2d 749; See also, Zeringue v. Liberty Mutual Insurance Co., 248 So.2d 83 (La.App. 4th Cir.1970), writ den. 259 La. 61, 249 So.2d 203.
Furthermore, we are convinced that Melancon's injury did manifest itself prior to January of 1985. Melancon's own testimony and that of the medical witnesses indicate the injury manifested itself at a much earlier date. Dr. James Williams stated that Melancon told him he first began experiencing back pain in 1980, and that he had pain more or less since 1982. Dr. John Watermeier testified that he was told by Melancon that the pain had become increasingly worse since 1980. Melancon's own testimony substantiates that he continued to experience back pain from 1980 until the present time. Clearly the evidence supports manifestation long before January, 1985.
Melancon also argues that the prescriptive period was interrupted because Lone Star paid him wages in lieu of benefits, the last such payment having been received in January 1984 when he was terminated. The law is well settled that the payment of wages in lieu of compensation interrupts prescription, just as compensation payments do. Lester v. Rebel Crane and Service Co., supra; Spencer v. U.S. Fidelity and Guaranty Co., 454 So.2d 340 (La.App. 4th Cir.1984); Matthews v. New Orleans Public Service, 349 So.2d 408 (La. App. 4th Cir.1977), writs den. 351 So.2d 170. The test for determining if wages were paid in lieu of compensation is whether they were actually earned by the employee. Spencer v. U.S. Fidelity and Guaranty Co., supra; Matthews v. New Orleans Public Service, supra. In making such a determination the similarity or degree of difficulty of the job assignments before and after the accident is relevant, although not conclusive. Id. Similarity of an employees duties suggests that he actually earned his wages. Heymann v. Dixie Leasing Co., 250 So.2d 118 (La.App. 4th Cir.1971).
Although Melancon failed to present this argument at the trial level, we have reviewed the evidence and are convinced that the wages paid were not in lieu of compensation, but were actually earned. Melancon testified on direct examination that he returned to work after each accident. In particular, after several of the accidents he resumed the same heavy labor he was performing prior to the incidents. We find no evidence to substantiate his claim that wages were paid in lieu of compensation. Melancon suggests that we should remand to the trial court for further evidence on this "narrow issue". We will not set a precedent by doing this. Litigation must end at some point and cases cannot be continually reopened each time a party develops a new theory on appeal.
Finally, Melancon asserts that the mailing of a letter to Lone Star on November 30, 1984, demanding compensation benefits *634 interrupted the prescriptive period. In support of his argument, he cites La. R.S. 23:1301. That statute provides:
"No proceedings under this Chapter for compensation shall be maintained unless notice of the injury has been given to the employer within thirty days after the date of the injury or death. This notice may be given or made by any person claiming to be entitled to compensation or by anyone on his behalf."
We find no merit in this argument. First, we know of no jurisprudential or statutory support which suggests the notice required by the above cited statute interrupts the prescriptive period of La. R.S. 23:1209(A). As previously stated, the payment of compensation or wages in lieu thereof will interrupt prescription. It has also been held that prescription is interrupted where the employee was bulled into a false sense of security and discouraged from filing a law suit. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972). See also, Williams v. International Lubricant Corporation, 341 So.2d 17 (La.App. 4th Cir.1976), writ refused, 342 So.2d 872 (La.1977). R.S. 23:1301 merely serves as an additional requirement that the employee give notice of his injury thirty days after the accident. Nothing in that statute suggests it was intended to interrupt the prescriptive periods of 23:1209(A). Furthermore, Melancon's last alleged injury occurred February 9, 1983. This was not reported to his employer. The notice of November 30, 1984 was clearly more than 30 days after that incident, and thus suggests another reason why his claim must fall.

MEDICAL BENEFITS:
Melancon asserts that his claim for medical benefits has not prescribed because of the provisions of La.R.S. 23:1209(C). That paragraph provides:
"C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits."
The above cited statute expressly overruled the holding of Lester v. Southern Casualty, 466 So.2d 25 (La.1985) which applied a ten year prescriptive period to medical benefits. Prior to the holding in Lester, the jurisprudence was clear that a one year prescriptive period was applicable. Brown v. Travelers Insurance Co., 247 La. 7, 169 So.2d 540 (1964). Thus the ten year prescriptive period was only applicable from the period April 1, 1985 (the date of the decision) thru January 1, 1986 (the effective date of the Act). Clearly La.R.S. 23:1209(C) is applicable to this case.
Melancon argues since he was paid medical expenses in 1982, the three year limitation of the above cited statute is applicable. Assuming medical benefits were in fact paid in 1982, they would have been paid for the accident of November, 1982. However, his claim in the instant case is for medical benefits as a result of the alleged 1983 accident. The payments of medical benefits in 1982 cannot serve to interrupt or suspend the prescriptive period for benefits as a result of the 1983 accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] There are numerous "Employer's First Report of Injury" in the record pertaining to Melancon. We have cited those incidents testified to by plaintiff which are relevant to these proceedings. However, it is admitted the February 9, 1983 incident was not reported.