DUFRESNE, Judge.
This is an appeal by Tammy Lee Moore, plaintiff, from a summary judgment in favor of defendants, American Casualty Company of Reading, Pennsylvania, and its insured, Lapalco Square Shopping Center, a joint venture, (L.S.S.C.), the owner-lessor of a bingo hall in which plaintiff allegedly slipped and fell. Because we agree with the trial court that there is no genuine issue as to any material fact, and that the defendants are entitled to judgment dismissing plaintiff’s demand against the above defendants as a matter of law, we affirm. (La.Code Civ.Proc. art. 966).
The petition of Moore alleges that she slipped and fell on a foreign substance on the floor of the bingo hall as she was preparing to leave the premises. The named defendants in this action are American Casualty and its insured L.S.S.C., Am-vets Service Foundation of Louisiana, Inc., the sponsor of the bingo game, Lapalco Square Concessions, Inc., the concessionaire at the game, and Robert Martin, who at the time was president of both Amvets and Lapalco Square Concessions.
American Casualty and L.S.S.C. moved for, and was granted, summary judgment on plaintiff’s main demand on the grounds that the undisputed facts show that L.S. S.C. was merely an owner-lessor, and therefore not liable to Moore, an invitee of the lessee, in the circumstances of this case. Moore now appeals that judgment.
The facts of the incident as alleged by Moore in her deposition are these. At some point during the bingo game she spilled a soda on the floor. She saw a man with a mop come to the vicinity of the spill, but didn’t see whether or not he mopped the area. About an hour later, as she was leaving the hall, she slipped and fell in this same area. She didn’t notice at the time of her fall whether the floor was wet, but did notice that her clothes were wet when she got up.
The bingo hall is owned by L.S.S.C., a joint venture. On the date in question, the bingo game was being held by Amvets. Amvets then had in affect with L.S.S.C. a five year lease of the premises for bingo games, dances, weddings and other social events. The rental price under this lease was $1500- per month for once per week use, and $325 each for any additional event during any one month. This lease was signed by Robert Martin as president of Amvets.
During this same period, Robert Martin, individually, also had in effect a five year lease of the same premises from L.S.S.C. The Martin lease specified a rental price of $350 per function due on the conclusion of each function. In deposition, Martin testified that he operated the hall under this lease for the benefit of Lapalco Square Concessions, Inc., of which he was president. He further stated that this corpora *217 tion handled all of the concessions and clean-up at the hall, and was doing so for the bingo game at issue in this suit.
Plaintiff first urges that a lessor has a legal obligation to protect invitees of its lessee on the premises from injuries caused by vices or defects in those premises. In Albritton v. J.C. Penny Co., Inc., 385 So.2d 549 (La.App. 3rd Cir.1980), the court reiterated the established rule that this duty extends only to protecting invitees from defects in the premises, La.Civ. Code art. 2322. Here, there is no allegation that the floor itself was defective. Accepting all of plaintiffs allegations of fact in her petition and deposition as true, the incident was caused by water or soda spilled on the floor. This was clearly not a vice or defect in the premises for which the owner-lessor could be liable.
The only remaining legal theory which plaintiff can therefore assert against the owner-lessor, is that the maintenance of the leased premises remained under the control of the owner-lessor or its agent, and that there was negligence in this maintenance, La.Civ.Code, art. 2317. The evidence of record is conclusive that no such control existed. Although the record sheds no light on whether the bingo game in question was being held pursuant to the Amvets lease or the Martin lease, this ambiguity is of no consequence in regard to the liability of the lessor-owner. Neither document evinces an intention by the lessor-owner to undertake responsibility for maintenance of the premises during any function, or to supervise, or arrange for, concessionaires, caterers, or cleanup personnel. Moreover, there is no question that Martin, through Lapalco Square Concessions, Inc. was responsible for the concessions and clean-up at the game. On this showing, there is no issue as to any material fact which would show that L.S.S.C. retained such control of the hall so as to render it liable to plaintiff in the instant case. Albritton v. J.C. Penny Co. Inc., swpra.
For the foregoing reasons, the judgment appealed from is affirmed,
AFFIRMED