545 So.2d 557 (1989)
Alvin W. MELANCON
v.
The HARTFORD INSURANCE COMPANY, et al.
No. 88-CA-1716.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
Rehearing Denied July 19, 1989.
Carlos E. Zeledon, James Maher, III, New Orleans, for plaintiff.
Paul B. Deal, Darryl J. Foster, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendant.
Before GARRISON, ARMSTRONG and BECKER, JJ.
*558 BECKER, Judge.
Plaintiff appeals a summary judgment granted to defendants in this legal malpractice action. Plaintiff asserts that the trial court erred in concluding that his worker's compensation action had prescribed prior to the date he retained defendant Oestreicher as his attorney.
The plaintiff, Alvin W. Melancon, filed this malpractice action against David W. Oestreicher, II, his professional law corporation, and their legal malpractice liability insurer, The New England Reinsurance Co., alleging that Oestreicher allowed his worker's compensation claim against his former employer, Lone Star Industries, to prescribe.
During his employment with Lone Star Industries, plaintiff suffered a series of back injuries, the last which occurred on or about February 5, 1983. He sought and received immediate medical treatment. Melancon retained David Oestreicher's legal services on November 28, 1984. Suit was filed on plaintiff's behalf by Oestreicher on March 18, 1985. Trial on the merits was held on December 2, 1985, which resulted in a dismissal based upon prescription. See Melancon v. Lone Star Industries, Inc., 503 So.2d 631 (La.App. 4th Cir. 1987), writ denied 503 So.2d 1017 (La.1987).
Subsequently, plaintiff filed this malpractice action alleging that defendants failed to timely file his worker's compensation action. Defendants moved for summary judgment on the basis that Melancon's claim had prescribed prior to the date he hired Oestreicher, and thus, any negligence on Oestreicher's part in not promptly filing suit could not be a cause in fact of any harm to Melancon.
The trial court granted defendants' motion for summary judgment finding that
"There is undisputed evidence that Mr. Melancon injured his back on February 5, 1983, and that he was aware of his injury at that time. He even sought medical treatment then. Prescription on his claim began to run from that date and his case had clearly prescribed when he hired Mr. Oestreicher approximately twenty-one months after the incident."
On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary judgment. Plaintiff contends that there are genuine issues of material facts concerning the "development" of his injury and resulting disability. He relies upon LSA-R.S. 23:1209 which provides, in pertinent part, that
"when the injury does not result at the time of, or develop immediately after the accident, the limitation [on a worker's compensation action] shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have begun within two years from the date of the accident."
While plaintiff admits that the accident which caused his back injuries occurred on or about February 5, 1983, he alleges that the seriousness and extent of his injuries did not "develop" until January 11, 1985, when his physician recommended a laminectomy and told plaintiff to discontinue stooping, bending, climbing and lifting, all duties required of him as a laborer. Plaintiff argues that since his injury did not "develop" until January 14, 1985, the two year prescription period from the date of the accident was applicable. Therefore, his worker's compensation action would not have prescribed until February 5, 1985.
In support of their motion for summary judgment, defendants produced a transcript of plaintiff's testimony in the compensation case as well as the plaintiff's deposition testimony in the malpractice action. This testimony reveals that plaintiff had suffered a number of back injuries while employed with Lone Star Industries, the first occurring in 1980 and the last in 1983. Plaintiff admitted that his back problem began in 1980. Defendants argue that as plaintiff was aware of his condition and sought medical treatment immediately after the accident, then plaintiff's injury manifested itself on the date of the accident. Plaintiff's injury did not "develop" on a later date.
Defendants further rely upon this Court's affirmance of the trial court's decision *559 in the worker's compensation action. In Melancon v. Lone Star Industries, supra, another panel of this court stated:
"...we are convinced that Melancon's injury did manifest itself prior to January of 1985. Melancon's own testimony and that of the medical witnesses indicate the injury manifested itself at a much earlier date. Dr. James Williams stated that Melancon told him he first began experiencing back pain in 1980, and than he had pain more or less since 1982. Dr. John Watermeier testified that he was told by Melancon that the pain had become increasingly worse since 1980. Melancon's own testimony substantiates that he continued to experience back pain from 1980 until the present time. Clearly the evidence supports manifestation long before January, 1985."
We agree. The depositions and pleadings attached to defendants' motion for summary judgment reveal no genuine issues of material facts. Plaintiff's own testimony shows that he knew of his injury. Plaintiff's injury did not "develop" at a date later than the accident. The trial court was correct in granting defendants' motion for summary judgment.
The jurisprudence under R.S. 23:1209 has defined "development" of an injury as the development of disability. Disability "marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner." Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122 (La.1986), citing Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952) and Burleigh v. Argonaut Ins. Co., 347 So.2d 13 (La.App. 3rd Cir.) writ denied, 349 So.2d 1267 (La.1977). Development, further, connotes the time when the disability to perform work becomes manifest to the injured employee or the employer. Bolden v. Georgia Casualty & Surety Co., 363 So.2d 419 (La.1978); Wallace v. Remington Rand Inc., 229 La. 651, 86 So.2d 522 (La.1956).
However, when the employee knows of the injury at the time of its occurrence and is aware that he has a valid compensation claim, a later medical diagnosis of disability, standing alone, does not cause the statutory one year prescription period to begin running at the time of said diagnosis. Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980), writ refused, 396 So.2d 1351 (La.1981), Hobley v. Phoenix of Hartford Insurance Co., 233 So.2d 589 (La.App. 4th Cir.1970); Guillory v. Maryland Casualty Co., 227 So.2d 620 (La. App. 3rd Cir.1969).
In the case at bar, the plaintiff's own testimony uncontravertedly establishes that he was aware that he sustained an injury on February 5, 1983, and that this injury prevented him from performing his duties. He stated, during the compensation trial, that he had sustained injuries to his back several times since 1980 and each time the pain increased. The deposition of plaintiff's physician, produced by defendants, corroborates plaintiff's awareness of his injury and its seriousness. Simply because surgery was recommended two years later does not mean that plaintiff's injury "developed" later. In fact, Dr. Williams' testimony indicates that surgery was recommended due to the progressive nature of plaintiff's degenerative disc disease. Dr. Williams' further testified at his deposition that plaintiff's disability was attributable to the degenerative disc disease, which he determined was not trauma-induced. Plaintiff produced no affidavits or depositions to rebut Dr. Williams' deposition testimony. Thus, the trial court was correct in finding that all the pleadings, depositions and affidavits reveal no genuine issue of material fact. Plaintiff's injury manifested itself on February 5, 1983. Plaintiff was aware of the injury and sought medical treatment. Thus, under R.S. 23:1209, the prescriptive period of plaintiff's worker's compensation claim began to run from the date of the accident, February 5, 1983.
A motion for summary judgment should only be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers *560 Surplus Line Insurance Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover. Burke v. Occidental Life Insurance Company of California, 427 So.2d 1165 (La.1983). When a motion for summary judgment is made and supported, the adverse party cannot rest on the allegations of his pleadings, but must set out in evidence or depositions specific facts showing the existence of genuine issues of material fact. Mashburn v. Collin, 355 So.2d 879 (La.1977).
The record clearly shows that plaintiff became aware of his injury on February 5, 1985. After the accident, he received immediate medical attention. Plaintiff's only documentation in support of his allegation that his injury did not develop until January, 1985 was his own affidavit. However the deposition of plaintiff's physician refutes plaintiff's affidavit. The pleadings and depositions produced by the defendants support their argument that plaintiff was aware of his injury at the time of the accident. There has been no evidence or pleadings produced by plaintiff to controvert defendant's establishment of these facts.
Therefore, under LSA-R.S. 23:1209, the appropriate prescriptive period is one year from the date of the accident. There is no dispute that plaintiff hired defendant Oestreicher in November of 1984, approximately twenty-two months after the accident. Plaintiff's worker's compensation action against Lone Star had prescribed by the time he retained the services of David Oestreicher. Thus any negligence on defendant's part in his failure to file suit immediately is not a cause in fact of harm sustained by the plaintiff.
The trial court was correct in granting defendants' motion for summary judgment. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.