GARRISON, Judge.
This case arises out of a one-car accident which occurred on January 4, 1986 on Highway 46 in St. Bernard Parish, Louisiana. Mr. Stacy Geraci and his wife, plaintiff-appellant, Angela Geraci were traveling within the speed limit when Mr. Geraci saw what appeared to be an animal in the opposite lane of the highway. According to Mr. Geraci, he eased his automobile a foot or two to the right to avoid hitting the animal in the event that it moved, when suddenly the vehicle was “propelled” into the waters of an adjacent canal.
Mrs. Geraci brought this action against the Louisiana Department of Transportation, alleging liability based on an inadequate shoulder to the road, and State Farm Mutual Automobile Insurance Company, alleging negligence on the part of Mr. Ger-aci. State Farm motioned for summary judgment on the basis that Mr. Geraci was not negligent and all facts were known to establish this principle. The trial court granted the defendant’s motion. The plaintiff has appealed, contending that the trial court erred in granting summary judgment in favor of State Farm.
The granting of this motion was based among other things upon the testimony contained in the depositions of Mr. and Mrs. Geraci, the only witnesses to this accident. Mrs. Geraci stated that her husband had not lost control of his vehicle and that his driving was not a contributing factor to this accident. They state that the automobile was thrust into the canal as the result of the insufficient shoulder on the highway. Further, Mr. Geraci, attesting to the fact that he would never put himself or any passenger in jeopardy for the sake of avoiding an animal, believed he could gradually veer his auto a foot or two to the right safely.
Appellant argues that there is yet a question of material fact concerning Mr. Geraci’s negligence. She contends that he may have been negligent in any number of non-obvious, yefc-to-be-discovered ways and that the witnesses testimony in deposition was insufficient. This, however is not sufficient to defeat the judgment rendered by the trial court.
When a motion for summary judgment is made and supported, an adverse party may not rest on mere allegations or denials. Rather, such party must, in his response by affidavits or other permitted means, set forth the specific facts showing that there is genuine issue for trial and, if he does not so respond, summary judgment, if appropriate, shall be rendered against him. Henderson v. Administrators of Tulane University, 426 So.2d 291 (La.App. 4th Cir.1983); La.C.C.P. article 967. In the instant case, the record fails to show, by specific facts, that there is genuine issue for trial.
In answer to the appellants contentions regarding the sufficiency and correctness in using depositions as a basis for summary judgment, article 966(B) of the Louisiana Code of Civil Procedure allows that:
“The judgment sought shall be rendered forthwith if the pleadings, depositions answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact ...” [Emphasis added].
Thus the use of testimony derived from deposition is to be considered, along with the other pertinent documentation, when deciding whether or not summary judgment is proper.
In the case at hand, the depositions of Mr. and Mrs. Geraci show that there is no issue as to material fact concerning Mr. Geraci’s negligence. The testimony reveals that Mr. Geraci was not negligent in his handling of the automobile and the trial court was correct in granting State Farm’s motion for summary judgment. For the above reasons we affirm the trial court’s judgment.
AFFIRMED.