KNOLL, Judge.
John F. Burt, III, individually and as the natural tutor of his minor son, John F. Burt IV, appeals the dismissal of their tort claims against Dunham-Price, Inc., and its employee, J. C. Mobley on a motion for summary judgment. The trial court found that Dunham-Price was not Burt’s employer, and that as a matter of law neither Dunham-Price nor Mobley were liable to them under a duty/risk analysis.
Burt contends on appeal that the trial court should have denied the motions for summary judgment because: (1) Dunham- *913 Price and Mobley were liable under an intentional tort analysis; and (2) there was a material factual issue about the separateness of Dunham-Price and Construction Industries, another corporation which the trial court found was Burt’s employer.
In the early morning hours of January 26,1984, John F. Burt, III was blinded by a shotgun blast while working as a security guard at Construction Industries, Inc., during labor violence in Lake Charles.
The trial court first determined that Burt’s employer was Construction Industries, Inc. Burt does not contend that this finding was improper. Instead, Burt contends on appeal that Construction Industries, Inc. was an alter ego for Dunham-Price. Likewise, Burt does not seriously dispute the trial court’s determination that Dunham-Price and Mobley were not liable under the theory of general negligence.
However, Burt contends that the trial court’s written reasons for judgment show that it failed to consider whether the actions of Dunham-Price and Mobley were intentional. In making this argument, Burt contends that his petition states a cause of action against Dunham-Price and Mobley for an intentional tort.
For purposes of addressing this contention, we shall assume that Burt’s petition states a cause of action against Dunham-Price and Mobley for an intentional tort. When a motion for summary judgment is made and supported, the adverse party may not rest on mere allegations or denials, but must, in his response by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. Henderson v. Administrators of Tulane University of Louisiana, 426 So.2d 291 (La.App. 4th Cir.1983), writ denied, 433 So.2d 160 (La.1983). Accordingly, not only must Burt have stated a cause of action against Dunham-Price and Mobley, but he must also have countered their motions for summary judgment.
After reviewing the trial court’s written reasons for judgment, we find that it did not reach the issue of intentional tort because it found that Burt’s cause of action in this regard was premised on a finding that Dunham-Price was his employer. Nevertheless, for reasons which follow, we do not find that the trial court erred in granting the summary judgment.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Supreme Court explained an intentional tortious act as follows:
“The meaning of ‘intent’ is that the person who acts either (1) consciously desl-eres the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. * * * * * *
Plaintiff’s suggested interpretation of ‘intentional act’, equates the term with ‘voluntary act’ and robs it of any reference to the actor’s state of mind concerning the consequences of his act.”
The term, substantial certainty, which appears above was later further defined in Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir.1987), as follows:
“ ‘Substantially certain’ requires more than a reasonable probability that an accident or injury will occur and ‘certain’ has been defined as ‘inevitable’ or ‘incapable of failing.’ ”
As evidence supporting an intentional tort, Burt contended that Dunham-Price’s referral of him to Construction Industries for employment, and Mobley’s supplying him with shells for his shotgun constituted actions which were “substantially certain” to result in his injury. We disagree. Burt was employed by Construction Industries as a security guard, a job which entails certain risks that one may receive bodily harm. Moreover, it must be remembered that Burt was shot by a third-party. There is no evidence that either Dunham-Price or Mobley was connected with this third-party.
After carefully reviewing the evidence introduced at the hearing on the motions for summary judgment, we find no evi *914 dence that either the actions of Dunham-Price or Mobley manifested any conscious intent to have Burt injured from a shotgun blast. Thus, applying the test enunciated above, we find no error in the trial court’s dismissal of Burt’s action against Dunham-Price and Mobley, finding as a matter of law that Burt is not entitled to judgment in his favor.
We need not reach Burt’s next contention. Since we find that under the facts presented that Burt is not entitled as a matter of law to judgment in his favor on the issue of an intentional tort, we preter-mit his argument that Dunham-Price was the alter ego of Construction Industries. Under the facts presented, to defeat the motions for summary judgment, it was essential that we find that Burt had established an intentional tort. After having determined that neither Dunham-Price nor Mobley were guilty of an intentional tort, Burt’s argument that Dunham-Price was Construction Industries’ alter ego is inconsequential.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Burt.
AFFIRMED.