LOBRANO, Judge.
Plaintiff, Joan Sanville, appeals the dismissal of her suit against the Archdiocese of New Orleans (Archdiocese) and its liability insurer, United States Fidelity and Guaranty Company (USF & G) by the trial court on a motion for summary judgment.
The pertinent facts are as follows:
On April 23,1988, Sanville was an invitee at the wedding reception of Darlene Brooks held in the cafeteria at Our Lady Star of the Sea School (School) owned by the Archdiocese. Brooks and the Archdiocese executed a rental agreement on March 3, 1988 which entitled her to the use of the premises from 6:00 p.m. to 10:00 p.m. on April 23, 1988.
During the course of the wedding reception, the floor became wet and slippery due to water leaking from the bar area and/or from spillage of food and drink. Sanville, with full knowledge of the dangerous condition, left her seat to dance, slipped on the wet floor, fell and injured her ankle.
On July 18, 1988, Sanville filed the instant suit against the Archdiocese and USF & G asserting that, as owner and lessor, the Archdiocese is liable under both negligence and strict liability theories. The lessee, Brooks, was not sued.
On March 3, 1989, defendants filed a motion for summary judgment asserting there is no genuine issue of material fact or law as to either theory of recovery. First they argue that Sanville did not allege a defect in the premises which would give rise to strict liability under Civil Code Articles 2317 or 2322. Second, they assert that the Archdiocese had no duty to maintain the premises during the reception, and thus cannot be negligent. In support of their motion, defendants introduced the rental agreement, a sworn, signed affidavit of Curtis Jones, principal of the school and portions of Sanville’s deposition.
In opposition to the motion, Sanville filed her own affidavit wherein she stated that the floor was wet and slippery, and that she believed Delmore Augustine, the school handyman, was responsible for maintaining the floor during the reception. In addition, she amended her original complaint to allege that the floor was defective. However, no specific defect was asserted, nor was any evidence of a defect produced in opposition to the summary judgment. In fact, the trial court continued the matter on two occasions to allow Sanville additional time to inspect the premises for evidence of a defect. No such evidence was produced.
Without assigning written reasons, the trial court granted defendants’ motion for summary judgment. This appeal followed.
We affirm.
Summary judgment is appropriate when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. La.C.C.Pro. Art. 966. It is designed to dispose of frivolous demands and defenses. Schaefer v. Lynch, 406 So.2d 185 (La.1981). The party moving for a summary judgment has the burden of showing there is no genuine issue of fact, and all doubt and inferences will be resolved in favor of the party opposing the motion. Mashburn v. Collin, 355 So.2d 879 (La.1977). The motion may be supported or opposed by affidavits, interrogatories and depositions. Any supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La.C.C.Pro. Art. 967. However, the adverse party cannot merely rely on the allegations or denials in his pleadings. La.C.C.Pro. Arts. 966, 967. He must set out in evidence or depositions specific facts showing the existence of genuine issues of material fact. Melancon v. The Hartford Insurance Co., 545 So.2d 557 (La.App. 4th Cir.1989), writ not considered 548 So.2d 1221 (La.1989). Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an essential element of his case. *624 See, Henderson v. Administrators of Tulane University of Louisiana, 426 So.2d 291 (La.App. 4th Cir.1983), writ denied, 433 So.2d 160 (La.1983).
On appeal, Sanville no longer urges her claim of a defect in the premises. Rather, she argues that defendants were negligent because, as lessor, they owed her a duty to see that no dangerous condition or hazard existed on the premises during the reception. Sanville asserts that defendants knew of the dangerous condition of the floor and failed to take the necessary action to prevent her from being injured.
In support of her argument, San-ville refers to the deposition testimony of Delmire Augustine, the school handyman, who testified that he saw the wet condition of the floor but did not clean up until everyone left. This, she suggests, indicates knowledge on the part of the Archdiocese of the dangerous condition of the floor.
We first observe that Augustine’s deposition was not introduced at the trial level in opposition to the motion for summary judgment. Although Sanville attaches portions of it to her appellate brief, it is clearly not part of the record in this matter and cannot be considered by us. See, Crockett v. Crockett, 537 So.2d 334 (La.App. 1st Cir.1988).
However, even assuming arguendo that the Archdiocese had knowledge of the wet condition of the floor, that fact is of no consequence if there is no duty on their part. The crucial issue in this case is what, if any, duty the Archdiocese had with respect to Brooks’ invitees. Mere knowledge of a condition which may be dangerous does not give rise to a duty on the part of the lessor to protect his lessee’s invitees.[1]
In support of their motion, defendants introduced the rental agreement between the parties. That document is silent as to any obligation by the Archdiocese to provide porter, concessionaire, custodial, janitorial or maintenance services during the reception. In addition, they also introduced the affidavit of Curtis Jones, the school principal and portions of Sanville’s deposition.
Jones stated that Brooks did not request orally or in writing that the school provide any porter, custodian, or maintenance personnel during the reception; that when Brooks and/or her associates took custody and control of the cafeteria on April 23, 1988, the floor was clear and free of any and all foreign substances; that relatives and friends of Brooks provided all beverages prior to and during the reception including ice, ice chests and tubs and that all clean up during the reception was the responsibility of Brooks. Sanville, in her deposition, stated that all concessions were handled by friends and/or relatives of Brooks.
In any claim for negligence, the first element that a plaintiff must establish is the existence of a duty on the defendant’s part. Dixie Drive-It-Yourself System, New Orleans Company v. American Beverage Company, 242 La. 471,137 So.2d 298 (1962). The only evidence produced by plaintiff in this case is her own affidavit wherein she states that she saw the water on the floor and that she believed it was the handyman’s responsibility to clean it up. This self serving statement does not create a material issue concerning the duty of the Archdiocese which would necessitate a trial on the merits.
Absent facts or circumstances which suggest otherwise, a lessor has no obligation to maintain the premises which he leases and are no longer under his control. ' Billizone v. Winn-Dixie Louisiana, Inc., 521 So.2d 431 (La.App. 4th Cir.1988); Moore v. Lapalco Square, 514 So.2d 215 (La.App. 5th Cir.1987). The duty of a lessor to protect invitees of his lessee from injuries extends only to injuries from defects or vices in the premises. He is not responsible for the actions or inactions of the lessee. Moore, supra; Albritton v. *625 J. C. Penney Company, Inc., 385 So.2d 549 (La.App. 3rd Cir.1980), writ denied 393 So.2d 727 (La.1980).
It is undisputed that Brooks was lessee of the cafeteria at the time Sanville was injured; that the school did not agree to provide porter, concessionaire, custodial or janitorial services during the reception; that defendants did not retain any control over the cafeteria during the reception under the terms of the rental agreement; that Brooks’ friends and/or relatives were responsible for all concessions including ice, ice chests and tubs and that the dangerous condition which caused the injury was entirely created by the actions or inac-tions of the lessee Brooks and/or her invitees. These facts do not establish a duty on the Archdiocese to maintain the floor during the reception, therefor summary judgment was proper.
AFFIRMED.

. The condition to which we refer does not include a defect in the premises for which liability under Articles 2317 or 2322 would be imposed but only those conditions which give rise to a negligence claim.