GAUDIN, Judge.
This is an appeal by Fernand P. Ponville, Jr. from a decision of a workmen’s compensation hearing officer saying that his claim had prescribed. We reverse and remand for further proceedings.
It is undisputed that Ponville, then 44 years of age and a boilermaker foreman employed by Lou Con, Inc., sustained a compensable injury on October 31, 1988. Suit was not filed until March 23, 1990.
LSA-R.S. 23:1209 governs prescription in workmen’s compensation cases. In pertinent part, the statute reads:
*422 “In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitations shall not take effect until the expiration of one year from the time of making the last payment, except that in case of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also when the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
On October 31, 1988, Ponville hurt his back while pulling a cart loaded with 300-pound batteries. Although in some pain, Ponville continued to work that day and thereafter because, he said, he needed a full salary to support his household.
Ponville saw his family physician the day following the accident and was advised to continue working in spite of a slightly injured back. Ponville then consulted Dr. R.F. Weller, a chiropractor, on November 14, 1988. Dr. Weller found spasm and muscle contraction. While Dr. Weller commenced treatment, he did not recommend that Ponville stop working.
In May of 1989, Lou Con’s insurer, Travelers Insurance Company, had Ponville examined by Dr. Steven Katz, like Dr. Weller a chiropractor. Dr. Katz concluded that Ponville had incurred a work-related sprain or strain but that 30 chiropractic treatments (by Dr. Weller) had stabilized the injury.
Additional medical evidence in this case was provided by Dr. Pete Rhymes, an orthopedist. He examined Ponville on November 16, 1989 and found that Ponville had a spondylolysis, which the physician described as:
“... a failure of the lamina or the pars inarticularis on one of the vertebra to be intact. Whether this be from a congenital failure or fusion of this area or whether it’s a fracture that occurred in this area, it’s difficult to say, but it does render this area of the back unstable insofar as the bony back is concerned and does create potentially an area of weakness in the vertebral column.”
Dr. Rhymes further stated that Ponville probably had a weakened back prior to October 31, 1988 and that the accident was “... a final straw that caused excessive stress across the muscles ...” Ponville was put in a chair-back brace and later told not to work. He (Ponville) remains a patient of Dr. Rhymes, who said surgery sometime in the future is a possibility if Ponville “... keeps on hurting and continues not to improve.”
Travelers’ position on appeal, as it was before the hearing examiner, is that there was absolutely no change in Ponville’s back symptoms from the date of the accident until a year had passed. Ponville did not request any workmen’s compensation payments during this period and, of course, no payments were tendered. Thus, appellee argues, the injury had fully developed and the one-year time period of the statute is applicable.
Appellee cites and heavily relies on Melancon v. Hartford Ins. Co., 545 So.2d 557 (La.App. 4 Cir.1989), a negligence case against an attorney which discussed the development of a workmen’s compensation injury as it related to the lawyer’s alleged malpractice. Alvin Melancon did not consult the attorney until more than a year had gone by after his injury. The Fourth Circuit, in finding the attorney not negligent for not having filed a lawsuit for Melancon, said that Melancon’s claim had prescribed in one year because “... he was aware that he had sustained an injury preventing him from performing his duties *423 ...”[1] This at least in part distinguishes Melancon from the instant case. Ponville performed his duties, admittedly with a little help from friends, and apparently did not consider his injury serious enough to totally incapacitate him.
From Melancon:
“The jurisprudence under R.S. 23:1209 has defined ‘development’ of an injury as the development of disability. Disability ‘marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner.’ Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122 (La.1986), citing Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952) and Burleigh v. Argonaut Ins. Co., 347 So.2d 13 (La.App. 3rd Cir.) writ denied, 349 So.2d 1267 (La.1977). Development, further, connotes the time when the disability to perform work becomes manifest to the injured employee or the employer. Bolden v. Georgia Casualty & Surety Co., 363 So.2d 419 (La.1978); Wallace v. Remington Rand Inc., 229 La. 651, 86 So.2d 522 (La.1956).”
(Underlining provided.)
Ponville worked until placed on disability by Dr. Rhymes in February, 1990. At that time, according to the Melancon test, Ponville’s inability to work was manifest. Suit was filed a month later.
Also, it appears from an overall view of the medical evidence that while Ponville’s symptoms came and went they did get progressively worse. Dr. Rhymes testified that Ponville’s “... disability started when he reached the point that he no longer could work.” Dr. Rhymes was asked:
“Did he (Ponville) at any point over the number of times that you’ve seen him indicate to you that his medical condition worsened or suddenly changed or anything like that?”
Dr. Rhymes’ answer:
“It worsened because he got to the point that he wasn’t able to go to work.”
For these reasons, we set aside the February 22, 1991 judgment of the hearing officer sustaining the exception of prescription and we remand for further proceedings. The trial court must decide which workmen’s compensation payments are due Ponville and whether the insurance company acted arbitrarily.
Travelers is to bear costs of this appeal.
REVERSED AND REMANDED.

. Underlining provided.