BOUTALL, Judge.
This appeal involves the right of a patient to have a court reporter attend and record the deliberations of a medical review panel.
Under the provisions of L.R.S. 40:1299.-47, a medical review panel was convened to consider the malpractice claim of Lalita Cole against several health care providers, one of which was Dr. O.J. Renegar, Jr., appellee herein. During the proceedings, the patient requested of the attorney chairman that a court reporter be present during the panel’s deliberations in order to record what transpired therein. Over objection of Dr. Renegar, the attorney chairman granted the patient’s request. Dr. Renegar then filed the present suit in the Twenty-Fourth Judicial District Court for judicial review of that order. The court rendered judgment in Dr. Renegar’s favor finding no necessity for a court reporter to be present to record the actual deliberation of the panel, and this appeal followed.
The first issue before this court is whether the appeal taken is now moot. While the appeal was pending, the medical review panel proceeded with its deliberation and rendered one of the expert opinions provided in L.R.S. 40:1299.47(G). We do not consider the matter moot. The findings of the medical review panel do not constitute a final judgment but are in the nature of an expert opinion. Derouen v. Kolb, 397 So.2d 791 (La.1981). There has been no adjudication by the courts as to the merits of the patient’s claim against the furnishers of medical service and thus the weight and sufficiency of the opinion rendered is still a viable issue.
On the merits of the appeal, we affirm the opinion of the district court. The issue of the right to a court reporter to record the meeting of the panel prior to deliberation has been peremptorily settled by the Supreme Court in the case of McElveen v. LeJeune, 432 So.2d 263 (La.1983). The request in this case goes one step further. The request here is not of the meeting provided in sub-section (E) of the act, but of the deliberations of the panel at which the members may arrive at their expert opinion.
We find nothing in the medical malpractice law which requires an open deliberation or which permits the parties to attend and examine as in sub-section (E). Instead, the right is accorded in the statute in sub-section (H) to call and cross-examine the panelist as a witness, and that, consistent with the discovery devices available to depose witnesses, etc. seems an adequate safeguard of the rights of either party to the action. In short, we see little difference in placing a court reporter in the deliberation process or placing the parties or the attorneys in such a meeting. If the legislature had desired that the deliberation meeting be opened, it presumably would have declared it in the statute.
For the reasons above assigned, the judgment of the district court denying the right to have a court reporter attend and report the proceedings at the deliberation meeting of the Medical Review Panel is affirmed at appellant’s costs.
AFFIRMED.