503 So.2d 596 (1987)
Sherry Fortenberry and John FORTENBERRY
v.
Dr. Robert BERTHIER, Dr. G.F. Carlomagno, Pendleton Memorial Methodist Hospital, and Ayerst Laboratories.
Sherry and John FORTENBERRY
v.
Dr. Robert BERTHIER, Dr. G.F. Carlomagno and Pendleton Memorial Methodist Hospital.
Nos. CA-5691, CA-5692.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Dominic J. Gianna, Hammett, Leake & Hammett, New Orleans, for appellee.
Kerry E. Shields, Robert B. Keaty, New Orleans, for plaintiffs-appellants.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendant-appellee.
*597 Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
Appellants, Sherry and John Fortenberry, appeal the dismissal of their medical malpractice actions against Robert Berthier, M.D., and Gustave Carlomagno, M.D., via summary judgment. We affirm.
Sherry Fortenberry brought this medical malpractice action alleging that she sustained injuries as a result of negligent evaluation and treatment by Drs. Berthier and Carlomagno. Specifically, she alleged that medical complications arising from her treatment with the drug Primarin were a direct result of the doctors' negligent conduct.
After completing discovery, both appellees moved for summary judgment. After reviewing the motions for summary judgment and supporting documents, the trial judge ruled in favor of Drs. Berthier and Carlomagno, dismissing the Fortenberrys' suit. By their sole assignment of error, the Fortenberrys assert that the affidavits, deposition testimony and other material submitted in support of the motions for summary judgment were insufficient to support the trial court's dismissal of their claims.
In resolving this issue, we refer to C.C.P. Arts. 966 and 967 which govern the granting of summary judgment. C.C.P. Art. 966 provides in pertinent part part:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
C.C.P. Art. 967, provides in part that:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
In the instant case, the Fortenberrys based their malpractice claims on the allegedly negligent treatment of Mrs. Fotenberry with the drug Primarin. By their motions for summary judgment both treating physicians sought to prove that their treatment of Mrs. Fortenberry did not fall below the applicable standards of medical care.
In support of his motion, Dr. Carlomagno submitted his affidavit which essentially stated that he did not administer Primarin to Mrs. Fortenberry. This affidavit was clearly based on personal knowledge and was sufficient to support the motion. It was then incumbent on the Fortenberrys to rebut this assertion by setting forth specific facts by affidavits, depositions or answers to interrogatories which showed that there was a genuine issue for trial. C.C.P. Art. 967. When they failed to submit any opposing documents, the trial court correctly granted judgment in favor of Dr. Carlomango.
The documents which Dr. Berthier submitted in support of his motion for summary judgment set forth the following undisputed facts: 1) the Fortenberrys possessed two expert opinions regarding the degree of care exercised by Dr. Berthier in his treatment of Mrs. Fortenberryone rendered by the Medical Review Panel which found no negligence on his part, the other offered by a medical malpractice expert which was "generally favorable" to Dr. Berthier's treatment; 2) the only expert *598 witnesses the Fortenberrys intended to call were members of the Medical Review Panel. This established that plaintiff's could produce no expert testimony to support the malpractice suit in accordance with R.S. 9:2794. In our opinion, these undisputed facts entitled Dr. Berthier to judgment as a matter of law.
When a motion for summary judgment is made and supported as provided by C.C.P. Art. 966, an adverse party may not simply rest on the allegations or denials in his pleadings. He must, in his response by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Henderson v. Administrators of Tulane University, 426 So.2d 291 (La.App. 4th Cir.1983), writ denied, 433 So.2d 160 (La.1983). Since the Fortenberrys failed to rebut Dr. Berthier's motion and supporting documentary evidence we conclude that summary judgment was appropriate.
For the foregoing reasons, we affirm the judgement of the trial court. Costs of this appeal are to be paid by the Fortenberrys.
AFFIRMED.