671 So.2d 1249 (1996)
Katherine VENABLE, et al., Plaintiffs-Appellants,
v.
DR. "X" and Dr. "Y", Defendants-Appellees.
No. 95-1634.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1250 Sera Hearn Russell III, Lafayette, for Katherine Venable et al.
Marc W. Judice, Lafayette, for Dr. Stephen Kastl.
Gregory John Laborde, Lafayette, for Dr. Lou Fink.
Before DOUCET, C.J., and SULLIVAN and GREMILLION, JJ.
DOUCET, Chief Judge.
Plaintiff, Katherine Venable, appeals the action of the trial court dismissing her suit for damages, in a medical malpractice claim, via a motion for summary judgment. We affirm.
FACTS:
Katherine Venable (and another individual not a party to this appeal) filed suit against Dr. Stephen Kastl (and another physician not a party to this appeal) claiming that under Dr. Kastl's care she became chemically dependant on a medication, Centrax, prescribed by Dr. Kastl. Thus, she alleges Dr. Kastl breached the standard of care required of physicians in his same speciality, obstetrics and gynecology. Before filing suit in the district court, Ms. Venable had presented her claim to a medical review panel which rendered a decision in favor of Dr. Kastl.
In support of his motion for summary judgment, Dr. Kastl argued that Ms. Venable, who holds a masters degree in microbiology, was well aware of the possible side effects of the medication he prescribed. He further stated that when he became aware there was a problem with his patient taking Centrax, he referred Ms. Venable to a psychiatrist and refused to authorize any more refills on her medications.
In support of his motion, Dr. Kastl attached several supporting exhibits including the opinion of the Medical Review Panel, an affidavit from one of the panel members supporting the panel's opinion, an unpublished opinion of this court and his interrogatories to plaintiff along with her answers thereto which indicated that plaintiff planned to call no expert witnesses at trial. Plaintiff filed no affidavits or other exhibits in opposition to Dr. Kastl's motion, but rather, in her memorandum, stated that she planned to call the members of the Medical Review Panel to testify at trial.
LAW AND DISCUSSION
The law regarding summary judgments is well settled:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Adickes *1251 v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Mashburn v. Collin, 355 So.2d 879 (La.1977). To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S.H. Kress Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Adickes v. S.H. Kress 6 Moore's Federal Practice, § 56.15(3).
Vermilion Corporation v. Vaughn, 397 So.2d 490, 493 (La.1981).
Further, as this court stated in Faul v. Bank of Sunset & Trust Co., 93-1080 (La. App. 3 Cir. 4/6/94), 635 So.2d 573, writ denied, 94-1627 (La. 9/30/94), 642 So.2d 879, 880:
A summary judgment is not to be used as a substitute for trial on the merits. The court should not grant a summary judgment if to do so requires a weighing of the evidence or the making of credibility evaluations.
A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Giddings v. Commercial Union Insurance Co., 539 So.2d 66 (La.App. 2d Cir.1988), writ denied, 541 So.2d 897 (La.1989), citing Cannon v. Insured Lloyds, 499 So.2d 978 (La.App. 3rd Cir.1986). In order for an appellate court to affirm a summary judgment rendered in favor of defendants in a personal injury case, the record as a whole must show that all critical elements of plaintiff's case have been set to rest, without regard to plaintiff's chances to ultimately prevail. Jarvis v. J.I. Case Co., 551 So.2d 61 (La.App. 1st Cir.1989), writs denied, 556 So.2d 56, 62 and 63 (La.1990).
Id. at 577.
We find this case strikingly similar to the case relied upon by appellee, Richoux v. Tulane Medical Center, 617 So.2d 13, 15-17 (La.App. 4 Cir.1993), in which the court granted summary judgment, under similar circumstances, stating the following:
La.C.C.P. art. 966(A) provides that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he is entitled. Appellate courts review summary judgments de novo, under the same criteria that govern the district court's consideration of whether summary judgment was proper. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991). La.C.C.P. art. 966(B) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La. App. 4th Cir.1991).
Under La.C.C.P. arts. 966 and 967, however, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985). Courts must closely scrutinize the papers supporting the position of the mover, while treating the papers of the party opposing the motion indulgently. Ortego v. Ortego, 425 So.2d 1292 (La.App. 3d Cir.1982), writ den., 429 So.2d 147 (La.1983). All doubts must be decided in favor of trial on the merits even if grave doubt exists as to a party's ability to establish disputed facts at trial. Osborne v. Vulcan Foundry, Inc., supra.; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir.1985).
La.R.S. 9:2794 provides that in a malpractice action based on the negligence of *1252 a physician "the plaintiff shall have the burden of proving:"
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
In a medical malpractice action, opinions of expert witnesses who are members of the medical profession and who are qualified to testify on the subject are necessary to determine whether or not physicians possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and diligence. Frasier v. Department of Health and Human Resources, 500 So.2d 858 (La.App. 1st Cir. 1986); Steinbach v. Barfield, 428 So.2d 915 (La.App. 1st Cir.1983), writ denied, 435 So.2d 431 (La.1983).
In Fortenberry v. Berthier, 503 So.2d 596 (La.App. 4th Cir.1987), a physician charged with malpractice filed a motion for summary judgment. Supporting documents established that the plaintiffs possessed only two expert opinions, (1) that of the medical review panel which had found no negligence on defendant's part and, (2) the opinion of an expert which was "generally favorable" to the defendant physician. The only experts the plaintiffs intended to call as witnesses at trial were the members of the medical review panel. Considering these facts and whether summary judgment was proper, we stated:
This established that plaintiff's [sic] could produce no expert testimony to support the malpractice suit in accordance with R.S. 9:2794. In our opinion, these undisputed facts entitled [the physician] to judgment as a matter of law. [Footnote omitted.]
In the instant case, when defendants moved for summary judgment in June 1990, they attached to their motion plaintiff's answers to their interrogatories in which plaintiff stated that the only expert witnesses she intended to call were the members of the medical review panel. Together, the members of the panel had rendered an opinion finding that the evidence submitted to it did not support the conclusion that defendants failed to meet the applicable standard of care. The opinion of the medical review panel was also attached to defendants' motion for summary judgment. The opinion of a medical review panel is admissible as expert evidence in a malpractice suit. See Derouen v. Kolb, 397 So.2d 791 (La.1981); Renegar v. Matthews, 456 So.2d 690 (La.App. 5th Cir. 1984), writ denied, 460 So.2d 608 (La.1984).
One year later, defendants filed a second motion for summary judgment. At the time they filed this second motion for summary judgment, plaintiff had not supplemented her answers to defendants' interrogatories as to any additional experts she intended to call as witnesses. In addition, at the time this second motion was filed, the record contained the deposition of Dr. Kenneth Vogel, a neurologist and member of the medical review panel, who stated in the deposition that it was his opinion that TMC and Dr. Numaguchi did not breach the applicable standard of care.
The trial court now had before it plaintiff's answers to defendants' interrogatories which did not identify any expert who would testify that defendants breached the applicable standard of care; the opinion of the medical review panel that the evidence did not support a finding that defendants breached the applicable standard of care; *1253 and the deposition of Dr. Vogel in which he reiterated that it was his opinion defendants had not breached the applicable standard of care. At that point, defendants' motion for summary judgment was properly supported and showed no genuine issue of material fact. The burden then shifted to plaintiff to set forth specific facts showing that there was a genuine issue of material fact precluding the granting of summary judgment. (Fortenberry v. Berthier, supra; Henderson v. Administrators of Tulane University, 426 So.2d 291 (La.App. 4th Cir.1983), writ denied, 433 So.2d 160 (La.1983).
To defeat the motion for summary judgment plaintiff filed an opposition on August 28, 1991 stating that she had obtained an expert who would testify that the treatment of Leroy Richoux by defendants fell below the applicable standard of care. However, this was not an affidavit based on "personal knowledge" setting forth a fact admissible in evidence as contemplated by La.C.C.P. art. 967. At the same time, plaintiff also filed amended answers to defendants interrogatories naming the expert, Dr. Richard Levy. However, she filed no affidavits based on "personal knowledge" nor offered any depositions setting forth facts admissible in evidence. On September 23, 1991, the trial court rendered summary judgment in favor of defendants. Only after summary judgment was rendered did plaintiff set the deposition of the purported expert witness, Dr. Levy.
At the time the trial court ruled on the motion for summary judgment there were no genuine issues of material fact as to whether defendants breached the applicable standard of care and they were entitled to judgment as a matter of law. Plaintiff was resting merely on the allegations in her pleadings which were not sufficient to create a genuine issue of material fact. See Bank of Iberia v. Hewell, 534 So.2d 143 (La.App. 3rd Cir.1988).
In the case at bar, plaintiff relies upon the allegations in her petition and the testimony of member(s) of the medical review panel, which she intends to elicit at trial. She has not submitted an affidavit from or the deposition of any member of the review panel which supports her cause or creates any genuine issue of material fact. Thus, plaintiff has failed to meet her burden of proof in opposing defendant's motion.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are taxed against appellant.
AFFIRMED.