NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-827


RAY MARIE DOUET, ET AL.

VERSUS

AZALEA VILLA NURSING AND
REHABILITATION CENTER, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 100629
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


OSWALD A. DECUIR
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.


AFFIRMED.


W. Paul Wilkins
E. Eric Guirard & Associates
1075 Government Street
Baton Rouge, LA 70802
(225) 379-3333
Counsel for Plaintiff/Appellant:
    Ray Marie Douet, individually
    and on behalf of Louis J. Douet

**Nicholas Gachassin, Jr.**
**Danielle E. DeKerlegand**
**Stacy N. Kennedy**
**The Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**Counsel for Defendants/Appellees:**
      **Azalea Villa Nursing & Rehabilitation Center, LLC**
      **Kisatchie Corporation**

**DECUIR, Judge.**

The plaintiff, Ray Marie Douet, filed suit against Azalea Villa Nursing and Rehabilitation Center, LLC, and others, alleging negligence and breach of contract in the care and supervision of Douet's now deceased husband, Louis J. Douet. The petition was dismissed via summary judgment when the trial court ruled that Douet failed to present evidence sufficient to establish a genuine issue of material fact. Douet appeals, and for the following reasons, we affirm.

Douet alleged in her petition that in the first five months of 2002, while Louis Douet was a resident of Azalea Villa, he sustained several falls, the last of which, on June 6, 2002, resulted in a fractured skull and other injuries. He was brought to a Lafayette hospital for treatment of those injuries but died there one month later. The medical records show Mr. Douet to be a sixty-two year old man with a variety of very serious health problems. While a resident at Azalea Villa, he had twenty prescription medication orders, a feeding tube, a nebulizer, and twice daily glucose screenings. He was a physical therapy patient and was enrolled in a program to prevent falls. The record indicates that Mr. Douet appeared to have recovered from the injuries sustained in the fall within two weeks, but his heart condition accelerated and he was never able to leave the hospital. He died on July 8, 2002. The death certificate listed multiple cerebrovascular accidents, multiple myocardial infarctions, and peripheral vascular disease.

The plaintiff initiated this medical malpractice claim on May 22, 2003, alleging that substandard care by the employees of Azalea Villa ultimately caused her husband's death. After the defendants' exception of prematurity was resolved and the matter was submitted to a medical review panel, the plaintiff proceeded with this litigation. On August 30, 2005, the defendants filed a motion for summary judgment asserting the plaintiff would be unable to show that the applicable standard of care

was breached or that the defendants' conduct was the cause of the plaintiff's damages. In support of the motion, the defendants offered the opinion of the medical review panel and affidavits from two panel members.

At the summary judgment hearing on October 21, 2005, the plaintiff's counsel stated that he was in the process of retaining an expert and asked for more time. The trial court granted the request and deferred its ruling until November 29, 2005. The plaintiff later asked for a continuance which was granted. When the parties appeared for hearing on December 12, 2005, the plaintiff again had no evidence to offer. She had retained a nurse as an expert, but no affidavit or deposition was offered. Similarly, no evidence from fact witnesses was offered.

Article 967(B) of the Code of Civil Procedure provides that when a motion for summary judgment is made and supported by competent evidence, "an adverse party may not rest on the mere allegations or denials of his pleading," but his response must set forth *specific facts* showing that there is a genuine issue for trial. The provision further states, "If he does not so respond, summary judgment, if appropriate, shall be rendered against him." *Id.*

The plaintiff's burden of proof in a medical malpractice action is three-fold. He must present evidence establishing the applicable standard of care, a breach of the standard of care, and a causal connection between the breach and the injury. La.R.S. 9:2794; *Pfiffner v. Correa,* 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228; *Weeks v. Brown,* 01-00495 (La.App. 3 Cir. 10/3/01), 796 So.2d 839. Ordinarily, for a plaintiff to meet his burden of proof, the "'opinions of expert witnesses who are members of the medical profession and who are qualified to testify on the subject are necessary to determine whether or not physicians possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and

2

diligence.'" *Venable v. Dr. X,* 95-1634, p. 4 (La.App. 3 Cir. 4/3/96), 671 So.2d 1249, 1252 (quoting *Richoux v. Tulane Med. Ctr.,* 617 So.2d 13, 16 (La.App. 4 Cir. 1993)). Additionally, in cases such as this involving a specific accident or series of accidents, the recollections of fact witnesses may be helpful.

Nevertheless, the plaintiff has offered nothing to substantiate her claim of malpractice. She has failed to meet the burden of proof required of a party responding to a motion for summary judgment: "[I]f the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2).

Accordingly, the summary judgment rendered by the trial court in favor of the defendants and dismissing the plaintiff's petition is affirmed. Costs of the appeal are assessed to the plaintiff.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.