NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1067

BARBARA DEVILLE, ET AL.

VERSUS

ALBERT CRAIG PEARCE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,515
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

AFFIRMED.

David R. Sobel
Jeremy C. Cedars
Provosty, Sadler, deLaunay
  Fiorenza & Sobel
P. O. Drawer 1791
Alexandria, LA 71309-1791
(318) 445-3631
Counsel for Defendants/Appellees:
    Albert Craig Pearce, M.D.
    Harry Hawthorne, M.D.

**Georgia P. "Gia" Kosmitis**
**Attorney at Law**
**3316 Line Avenue**
**Shreveport, LA 71104**
**(318) 865-9800**
**Counsel for Plaintiffs/Appellants:**
    **Barbara Deville**
    **Linda Huntsburry**

**DECUIR, Judge.**

Plaintiffs, Barbara Deville and Linda Huntsberry, individually and on behalf of their mother, Marie Sims, filed this medical malpractice suit against Albert Craig Pearce, M.D. and Harry Hawthorne, M.D. following the hospitalization of Mrs. Sims in December of 2003. The trial court granted summary judgment in favor of the defendants and dismissed the plaintiffs' suit. For the following reasons, we affirm the judgment of the trial court.

The medical records in evidence show that in December of 2003, Mrs. Sims was eighty years old and suffered from congestive heart failure and diabetes. She lived on her own and was able to care for herself and her home. After a coronary angiography on December 10, Mrs. Sims returned to the hospital on December 23 with a recurrence of chest pains. She also mentioned right groin pain with a hardened area at the site of the previous catheterization. When she was discharged on December 25, the groin problem was diagnosed as scar tissue. Mrs. Sims returned to the emergency room the following day with a worsening of the groin pain. She was septic and was found to have an infected pseudoaneurysm of the right femoral artery. Antibiotic therapy was initiated. Surgical drainage and repair of the artery took place on December 29, which revealed that half the circumference of the artery had been destroyed.

In the ensuing weeks, Mrs. Sims continued to suffer from congestive heart failure, complications of diabetes, and renal failure. However, her groin incision healed well. She was given rehabilitative therapy and was later moved permanently into a nursing home. The plaintiffs assert in their petition that Mrs. Sims never regained use of the infected leg, never walked again, and ultimately required twenty-four hour a day care. The plaintiffs contend that Mrs. Sims' medical problems are the

result of the delay in diagnosing the infected pseudoaneurysm in the right femoral artery.

A medical review panel was convened to consider the plaintiffs' allegations of negligence against the defendants. The panel disagreed with the plaintiffs' assertion that Mrs. Sims was the victim of medical malpractice and issued lengthy reasons for its opinion. The panel concluded that the "minimal delay in diagnosis did not rise to the level of a breach" of the applicable standard of care. After suit was filed, the defendants moved for summary judgment and offered in support of their motion the medical review panel's written reasons. The plaintiffs opposed the motion and offered into evidence the medical records from Mrs. Sims' hospitalizations in December 2003 and early 2004, as well as two excerpts from medical books.

At the hearing, the plaintiffs offered a brief affidavit from an internist who opined that the delay in diagnosis caused the plaintiffs' damages, but the trial court excluded it as untimely. At the end of the hearing, after the trial court indicated its intent to grant the motion for summary judgment, the plaintiffs requested time to depose one of the review panel members. That request was denied, and the trial court ultimately ruled in the defendants' favor.

In this appeal, the plaintiffs contend the trial court erred in granting summary judgment when genuine issues of material fact exist. The plaintiffs also urge this court to reverse the trial court's exclusion of an opposing affidavit and the denial of their request to depose a review panel member.

In the procedurally similar case of *Edwards v. Raines,* 35,284, pp. 3-4 (La.App. 2 Cir. 10/31/01), 799 So.2d 1184, 1187, the court explained the well established rules governing summary judgments:

> Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those

2

disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion for summary judgement shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B, C(1). Appellate review of summary judgment is *de novo*, utilizing the same criteria that guide the trial court's grant of the judgment. *Steed v. St. Paul's United Methodist Church*, 31,521, 31,522 (La.App. 2 Cir. 2/24/99), 728 So.2d 931, *writ denied*, 99-0877 (La. 5/7/99), 740 So.2d 1290.

If the moving party will not bear the burden of proof at trial on the matter that is before the court on motion for summary judgment, the movant's burden on motion is to point out to the court an absence of factual support for one or more essential elements of the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).

The plaintiff's burden of proof in a medical malpractice action is three-fold. He must present evidence establishing the applicable standard of care, a breach of the standard of care, and a causal connection between the breach and the injury. La.R.S. 9:2794; *Pfiffner v. Correa,* 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228; *Weeks v. Brown,* 01-495 (La.App. 3 Cir. 10/3/01), 796 So.2d 839. Ordinarily, for a plaintiff to meet his burden of proof, "opinions of expert witnesses who are members of the medical profession and who are qualified to testify on the subject are necessary to determine whether or not physicians possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and diligence." *Venable v. Dr. X,* 95-1634, p. 4 (La.App. 3 Cir. 4/3/96), 671 So.2d 1249, 1252, quoting *Richoux v. Tulane Med. Ctr.,* 617 So.2d 13 (La.App. 4 Cir. 1993). The facts asserted in this case involve medical judgments and diagnoses and warrant expert testimony to determine both the standard of care and whether that standard was met in this case. Nevertheless, the plaintiffs did not offer expert evidence until the morning of the summary judgment hearing.

The Louisiana Code of Civil Procedure sets forth the procedural rules governing motions for summary judgment. Article 966 requires that affidavits in support of such a motion be filed at least fifteen days prior to a scheduled hearing, while opposing affidavits must be filed at least eight days prior to the hearing. These time periods are reiterated in Rule 9.9 of the District Court Rules. The Louisiana Supreme Court has described these time limitations as mandatory: "The time limitation established by La.C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissable and properly excluded by the trial court." *Buggage v. Volks Constructors,* 06-175 (La. 5/5/06), 928 So.2d 536. Similarly, in *Higginbotham v. Rapides Foundation*, 07-538, p. 7 (La.App. 3 Cir. 10/31/07), 968 So.2d 1226, 1231, this court held:

> It is clear in this case that Plaintiffs filed their opposition to Rapides's motion for summary judgment three days prior to a hearing on the matter and that the hearing had already been continued once at the request of Plaintiffs. Thus, the filing was clearly not timely under either La.Code Civ.P. art. 966(B) or Uniform Rules of the District Courts Rule 9.9. Given the facts, the law, and Plaintiffs' lack of due diligence, we find no abuse of discretion by the trial court in excluding Plaintiffs' opposition.

Likewise, in the instant case, the plaintiffs had ample opportunity to gather expert evidence in support of their claim of malpractice prior to the summary judgment hearing. Introduction of an expert's affidavit on the morning of trial, and the belated request to depose another expert after the trial court's oral ruling, were untimely. We find no error or abuse of discretion in the decision to exclude the proffered affidavit or in the denial of the request to depose a review panel member.

Without expert evidence in support of their claim, the plaintiffs have failed to meet the burden of proof required of a party responding to a motion for summary judgment: "[I]f the adverse party fails to produce factual support sufficient to

4

establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2). The medical records introduced into evidence by the plaintiffs simply do not establish a factual issue regarding the defendants' breach of the applicable standard of care in their treatment of Mrs. Sims.

Accordingly, the summary judgment rendered by the trial court in favor of the defendants and dismissing the plaintiffs' petition is affirmed. Costs of the appeal are assessed to the plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.