# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-366


**ALFRED DUPREE, ET AL.**

**VERSUS**

**LOUISIANA MEDICAL MUTUAL INS. CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10C2674
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.


**REVERSED AND REMANDED.**

**Marc W. Judice**
**Michelle R. Judice**
**Judice & Adley**
**926 Coolidge Boulevard**
**Lafayette, LA 70503**
**(337) 235-2405**
**Counsel for Defendant/Appellee:**
      **Louisiana Medical Mutual Insurance Company**

**Nelson William Wagar III**
**Justin M. Chopin**
**Chopin, Wagar, Richard & Kutcher, LLP**
**3850 North Causeway Boulevard**
**Metairie, LA 70002**
**(504) 830-3838**
**Counsel for Plaintiffs/Appellants:**
     **Alfred Dupree**
     **Sondria Dupree**
     **Brandon Harris**

**Daryl K. Washington**
**Attorney at Law**
**325 N. St. Paul, Suite 1875**
**Dallas, TX 75201**
**(214) 880-4881**
**Counsel for Plaintiffs/Appellants:**
     **Alfred Dupree**
     **Sondria Dupree**
     **Brandon Harris**

**DECUIR, Judge.**

Sondria and Alfred Dupree and Brandon Harris filed suit against Dr. José Dorta and Louisiana Medical Mutual Insurance Company ("LAMMICO") alleging medical malpractice in the prenatal care and treatment of the Duprees' daughter, Katie Lynn Dupree, and her unborn child, Kaydon Harris, both now deceased. The petition was dismissed via summary judgment when the trial court ruled that Plaintiffs failed to present evidence sufficient to establish a genuine issue of material fact. A motion for new trial filed by Plaintiffs was denied. Plaintiffs appeal both the summary judgment and the denial of their motion for new trial, and for the following reasons, we reverse.

Twenty-seven-year old Katie Lynn Dupree became a patient of Dr. Dorta when she was pregnant with her child Kaydon, whose father is Brandon Harris. On January 9, 2009, Dupree went to the Emergency Room of Opelousas General Hospital with complaints of facial edema, vomiting, and headaches. She was found to have elevated blood pressure and was told to stop working and decrease her activities. On January 26, at thirty-six weeks gestation, Dupree again presented with elevated blood pressure and other symptoms suggestive of gestational hypertension or preeclampsia. Dr. Dorta did not intervene medically nor did he propose an early delivery of the baby. Dupree was again sent home with no medical intervention in place other than bed rest. Two days later, Dupree was found face down and unresponsive by her father. Her baby was stillborn the following day. Dupree was then taken off life support and died after donating her organs.

Plaintiffs filed a request for review by a Medical Review Panel on June 25, 2009. Eleven months later, on May 12, 2010, the panel rendered its opinion finding no malpractice on the part of Dr. Dorta. Plaintiffs then filed suit on May

28, 2010 against Dr. Dorta and his insurer, LAMMICO. Defendants filed numerous exceptions. Dr. Dorta, who has other malpractice claims pending against him and no longer practices medicine, was soon dismissed from the case due to his discharge in bankruptcy. Plaintiffs sought to compel LAMMICO to comply with discovery requests and moved for sanctions and a protective order. Plaintiffs then requested a status conference to schedule deadlines and a trial date. Immediately after the scheduling order was issued, on November 9, 2010, LAMMICO moved for summary judgment. A hearing on the motion was held on December 10, 2010; the court ruled from the bench in favor of LAMMICO based on the plaintiffs' failure to submit an affidavit from an expert showing a genuine issue of material fact sufficient to defeat summary judgment.

At the hearing, plaintiffs' counsel argued that he declined to submit an expert's affidavit because he was relying on the scheduling order which provided for expert reports to be exchanged several months in the future. Although counsel acknowledged that he had consulted an expert, he denied having retained one for trial purposes. The trial court found this argument disingenuous and considered counsel's argument to be a risky strategy that had failed. Plaintiffs' counsel then requested a ten-day extension of time in order to submit expert evidence. The trial court held: "[T]he plaintiffs need to provide the testimony, either by reports or affidavits or depositions of an expert, that raises the material issue that they will be able to carry their burden of proof. That's not done in this matter."

Two weeks later, on December 28, 2010, plaintiffs filed a motion for new trial and attached as an exhibit an affidavit from Dr. James Tappan, a board certified physician specializing in obstetrics and gynecology whose credentials as an expert are undisputed. LAMMICO opposed the motion for new trial and moved

2

to strike the affidavit. A hearing was held, and the trial court denied the plaintiffs' motion and found LAMMICO's motion to strike moot. This appeal followed.

Article 967(B) of the Louisiana Code of Civil Procedure provides that when a motion for summary judgment is made and supported by competent evidence, "an adverse party may not rest on the mere allegations or denials of his pleading," but his response must set forth specific facts showing that there is a genuine issue for trial. The provision further states, "If he does not so respond, summary judgment, if appropriate, shall be rendered against him." *Id.*

The plaintiff's burden of proof in a medical malpractice action is three-fold. He must present evidence establishing the applicable standard of care, a breach of the standard of care, and a causal connection between the breach and the injury. La.R.S. 9:2794; *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228; *Weeks v. Brown*, 01-00495 (La.App. 3 Cir. 10/3/01), 796 So.2d 839. Ordinarily, for a plaintiff to meet his burden of proof, the "'opinions of expert witnesses who are members of the medical profession and who are qualified to testify on the subject are necessary to determine whether or not physicians possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and diligence.'" *Venable v. Dr. X*, 95-1634, p. 4 (La.App. 3 Cir. 4/3/96), 671 So.2d 1249, 1252 (quoting *Richoux v. Tulane Med. Ctr.*, 617 So.2d 13, 16 (La.App. 4 Cir. 1993)).

Article 1973 of the Louisiana Code of Civil Procedure provides that a "new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." After reviewing the record before us, we find good and valid reasons for a new trial, and we believe the trial court abused its discretion in denying the motion for new trial in this case.

First, the time line in the case shows a very fast-moving litigation, not at all slowed or delayed by any action of the plaintiffs or their counsel. Suit was filed immediately after the Review Panel's decision. A scheduling order was requested early so that all parties would be working quickly towards a final resolution. Plaintiffs did not request continuances or extensions of time. Plaintiffs moved ahead with discovery and urged the defendants' prompt participation. In fact, if the record shows any delay, it was due to the filings of LAMMICO in countless pretrial pleadings.

Second, we address the trial court's finding that plaintiffs' reliance on the scheduling order was simply a misplaced strategic move by their counsel. It is clear from the transcript of the summary judgment hearing that plaintiffs' counsel sincerely believed the scheduling order was pre-emptive of the summary judgment evidentiary burden. This belief was buttressed by LAMMICO's apparent reticence in producing an expert for discovery. Counsel initially pointed out that LAMMICO likewise failed to produce an expert in its reliance solely on the Review Panel's decision and its discovery response that its expert would be a member of the panel. LAMMICO would not give plaintiffs the name of one expert they could depose; rather, plaintiffs were put in the position of having to depose all three members of the panel in order to provide an expert with their findings. It is clear to this court that neither side in this contentious litigation was ready and willing to disclose preliminary information on potential experts at the time of the summary judgment hearing.

Third, in support of their motion for new trial, plaintiffs submitted an affidavit of an expert wherein three specific acts of medical negligence are described: failure to diagnose, failure to warn, and failure to timely deliver the baby. In fact, the expert's opinion that "Dr. Dorta failed to warn Ms. Dupree

4

and/or her family of her condition and what to look for with respect to further symptoms" is diametrically opposed to the Medical Review Panel's finding that "we are sure a lengthy discussion ensued." The juxtaposition of these two statements presents without question a genuine issue of material fact. The trial court, however, ruled on the motion for new trial without reference to the affidavit, choosing to rely instead on the fact that plaintiffs failed to take advantage of their one opportunity to present evidence.

A trial court is imbued with great discretion in both pre-trial and post-trial matters. A trial court's discretion regarding motions for new trial is embodied in both the title and text of La.Code Civ.P. art. 1973. Similarly, a trial court's discretion to give additional time for the filing of affidavits in opposition to a motion for summary judgment is referenced as "good cause" in La.Code Civ.P. art 966(B). While Louisiana jurisprudence generally upholds a trial court's decision to exclude late-filed affidavits, the case law is rife with language describing the discretionary nature of the trial court's ruling. In *Higginbotham v. Rapides Foundation*, 07-538, p. 7 (La.App. 3 Cir. 10/31/07), 968 So.2d 1226, 1231, this court held: "Given the facts, the law, and Plaintiffs' lack of due diligence, we find no abuse of discretion by the trial court in excluding Plaintiffs' opposition."

Conversely, in the instant case, the facts, the law, and plaintiffs' prudence and initiative in prosecuting this case, compel a finding of an abuse of discretion by the trial court. The trial court first erred in failing to grant plaintiffs' request for a ten-day extension of time in which to file an expert affidavit in opposition to the motion for summary judgment. Additionally, the trial court should have relied on La.Code Civ.P. art. 1973 to grant the motion for new trial and accept into evidence the affidavit of Dr. Tappan. Due consideration of the affidavit requires reversal of summary judgment, as we find genuine issues of material fact which must be

5

decided after trial on the merits. Our findings are based on the specific facts of this case. We by no means intend to condone or legitimize the actions of plaintiffs' counsel in failing to timely file an expert affidavit. We reach our decision herein after careful consideration of the facts, the law, and the procedural record before us. Rare is the case where we find an abuse of the trial court's great discretion. This instance is indeed one of rarity.

For the above and foregoing reasons, the judgments of the trial court are reversed, and this case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to LAMMICO.

**REVERSED AND REMANDED.**